## Sam Truitt v. The State.

1. **Theft — Hearsay Evidence.** — In a trial for theft of a cow, the evidence to implicate the defendant depended upon the identification of a hide found at his neighbor's house with the skin of a beef found in the defendant's pen.  The proof of the identity was a statement made at the pen by a son of the defendant, to the effect that the hide of the beef was at the house of the neighbor; and to the admission of this statement the defence objected.  *Held,* that the proof was hearsay, and should have been excluded.  See the opinion in full on this subject.

2. **Principals — Accomplices.** — The fact that the defendant, though not present when the stolen property was taken, had previously authorized another person to take it, would not of itself c nstitute the defendant a principal in the theft of it committed by such other person.

3. **Same.** — If the defendant be indicted as a principal, he cannot legally be convicted on evidence which implicates him only as an accomplice.

Appeal from the District Court of Johnson.    Tried below before the Hon. J. Abbott.

The indictment charged the appellant and one Dailey with the theft of a cow belonging to J. M. Baker.  Appellant was alone upon trial, and being found guilty by the jury, his punishment was assessed at a term of two and a half years in the penitentiary.  The opinion indicates the material facts.

*W. Poindexter,* for the appellant.  The court erred in refusing the special charge asked by defendant, which was in the words, to wit: "Should you believe from the evidence that one John Dailey killed the cow in

question, and that he killed her under such circumstances as that the act of killing constituted theft, and should you further believe from the evidence that Sam Truitt, defendant, authorized said Dailey to kill the cow, still you will find the defendant not guilty, unless you should further find from the evidence before you that the defendant acted with the said Dailey in taking and killing the said cow, in such way as to make him a principal in the transaction ; and in determining who are principals, you will look to the charge of the court upon that subject. The mere fact that defendant authorized John Dailey to kill the cow in question would not of itself make him a principal.'' If this proposition of law be correct, — that is, if it be true that the mere fact that A. authorizes B. to steal a piece of property, and B. actually steals the property, does not of itself render A. guilty as a principal in the offence of B.,— then the above special charge should have been given, and its refusal by the court was an error ; and more especially should it have been given, since the court, in one paragraph of his charge, submitted an instruction from which the jury might well have inferred the converse of this plain proposition.

In order to constitute a person a principal in crime, he must be actually or constructively present at the time of the criminal act ; and in the crime of theft, an offence in which the specific intent to steal must concur with the act of taking, he must be present in mind and intention. He may be bodily absent, but in mind he must be present, and his evil and felonious intention must unite and concur with that of the party. For instance, where there are several acts entering into and constituting one crime, each act may be performed by a different individual in the absence of the others, but if done in furtherance of a common design, all are jointly principals in the crime thus committed ; because, in contemplation of law, each individual is constructively present ; their minds all concur in the crime actually committed, at the time of its commission ; they are absent in

body, but present in mind. And this is the doctrine pre-scribed by our statute and enunciated by our courts and law-writers. Penal Code, arts. 74–78; 1 Bishop's Cr. Law, sect. 432; *Welsh* v. *The State*, 3 Texas Ct. App. 413; *Berry* v. *The State*, 4 Texas Ct. App. 492.

But, on the contrary, a person who simply authorizes, advises, or encourages another to commit an offence, and does nothing else, is in law only an accomplice and nothing more. Penal Code, art. 79. Therefore, if appellant did actually authorize, or even advise, John Dailey to kill the cow in question, although at the time he advised, or gave the authority, he knew he had no right or title to the cow, this alone would not make appellant guilty as a principal with Dailey; because appellant may have repented of his evil intention and changed his mind before Dailey killed and appropriated the cow, and therefore did not concur with Dailey in his criminal act and intention. A man is presumed to repent every day of his life of his evil inten-tion. Saul of Tarsus, on his way to Damascus with the intention of persecuting the saints, and while breathing out threatenings and slaughter against them, saw the error of his way, and in "the twinkling of an eye" repented, and espoused the cause of those whose destruction he had so recently threatened. So, I contend that in order to change an accomplice into a principal offender, under our statute, there must be evidence showing that he not only authorized, advised, or encouraged the commission of the offence before its perpetration, but also that his evil intention previously formed continued and participated in the commission of the offence at the time of its perpetration; otherwise he is only an accomplice.

Now, to show the applicability of the charge asked and refused, and of which we so earnestly complain, I will quote the paragraph of the charge of the court touching this sub-ject to which we excepted on the trial and assign as error: "But, on the contrary, if the defendant Truitt himself, or

in connection with Dailey, did not take the cow alleged to have been stolen, did not advise or encourage Dailey to do so, or if the cow was in good faith taken under an honest, *bonâ fide* claim of right ownership in either Truitt or Dailey (even though mistaken as to such claim), then, if you so believe, you will not find the defendant guilty.''

In this charge the court says if defendant '' did not advise or encourage Dailey to do so,'' etc., '' you will find him not guilty.'' The converse of this proposition would be, '' If you believe the defendant did advise or encourage Dailey so to do, you will find him guilty.'' This charge was calculated to mislead the jury; because the jury no doubt concluded that inasmuch as appellant had at one time sworn that he authorized Dailey to kill the cow, and thereby '' encouraged '' him, he is therefore guilty. *Parchman* v. *The State*, 2 Texas Ct. App. 242.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. The testimony of the witnesses for the State touching the inquiry made at the pen of the defendant as to the whereabouts of the hide which had been taken from the animal apparently recently slaughtered there, and the reply of the boy to whom the inquiry was addressed, come clearly within the general rule necessitating the exclusion of hearsay evidence, and beyond the purview of any exception to that rule with which we are familiar.

The extent to which the exception is carried seems to be that the witness may testify that his conduct was influenced by certain information obtained in this manner; as, for illustration, that in this case the witness saw in the cow-pen evidence that an animal had been recently slaughtered there, and on the basis of information there and then received they proceeded to the house of Dailey and there found the hide of Baker's cow, which appeared fresh and recently removed from the body. *Whaley* v. *The State*, 11 Ga.

124 ; Whart. Cr. Law, sect. 662 ; 1 Greenl. on Ev., sect. 101. A further extension of the exception is allowable in cases of search for subscribing witnesses to a deed or other instrument.     1 Greenl. on Ev., sect. 574.     The explanation of the presiding judge, that those statements were admitted " merely to show and to explain the reason why the witnesses went to Dailey's," does not serve to relieve the action from error, in view of the fact that only by this hearsay declaration was the animal slaughtered at Truitt's identified as the animal from which the hide found at Dailey's was taken, and which hide was claimed by Baker as having been taken from his cow.     The statement could not well have been of more paramount significance against the defendant.

In one phase of the evidence, the fourth special instruction asked by the defendant, or one similar in effect, should have been given to the jury.     If the participation of appellant in the act for which he was on trial consisted only in his authorizing Dailey, his co-defendant, to kill the cow, and he acted no further with Dailey, he was hardly a principal in the transaction constituting the offence, and could not be convicted as an accomplice under the indictment.  *Mc-Keen* v. *The State* (present term), 7 Texas Ct. App. 631.     If the parties acted together, they were both principals, regardless of the actual presence of one, or his active participancy. *Scales* v. *The State*, 7 Texas Ct. App. 361 ; *Berry* v. *The State*, 4 Texas Ct. App. 492 ; *Welsh* v. *The State*, 3 Texas Ct. App. 413.     The jury should have been directed to determine this issue under an appropriate instruction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*